IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE C. BENCKINI t/a Benckini Nurseries, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. 15-5526 |
| | : | |
| UPPER SAUCON TOWNSHIP MUNICIPAL AUTHORITY SEWAGE TREATMENT PLANT, et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, C.J.**                                                     October 19, 2017

This matter arises from a string of litigation brought in this and other courts by *pro se* plaintiff Gene Benckini.[1] The claims in this action are the result of nearly forty years of friction between Mr. Benckini and the Upper Saucon Township Municipal Authority Sewage Treatment Plant and Upper Saucon Township Police Department. Viewing the complaint generously, Mr. Benckini alleges several civil rights violations under 42

---

[1] See Benckini v. Coopersburg Police Dep't, No. 03-3671 (E.D. Pa. filed Jun. 16, 2003) (summary judgment entered in defendant's favor); Benckini v. Keystone Farm Credit, No. 03-5864 (E.D. Pa. filed Oct. 23, 2003) (transferred); Benckini v. Upper Saucon Twp., No. 04-4304, Mem., 2005 U.S. Dist. LEXIS 23765, *22 (E.D. Pa. Oct. 17, 2005), ECF No. 54 (granting summary judgment after finding that "Benckini has failed to present even a scintilla of evidence in support of his claims"); Benckini v. Ford, No. 05-1417 (E.D. Pa. filed Mar. 3, 2005) (dismissed); Benckini v. Borough of Coopersburg, No. 05-5122 (E.D. Pa. filed Sept. 27, 2005) (summary judgment granted in defendant's favor); Benckini v. Upper Saucon Twp., No. 07-3580 (E.D. Pa. filed Aug. 28, 2007) (summary judgment entered in defendant's favor); Benckini v. Pa. State Police Bureau of Forensic Servs., 2011 U.S. Dist. LEXIS 59968 (E.D. Pa. 2011); Benckini v. Grant, 2015 Pa. Dist. & Cnty. Dec. LEXIS 9112 (Pa. C.P. Nov. 10, 2015) (summary judgment entered in defendant's favor. Affirmed).

U.S.C. § 1983. The defendants have filed a motion to dismiss the complaint. In response, Mr. Benckini filed Objections to the defendants' motion, and motioned the court for leave to amend the complaint. For the following reasons, I will deny the plaintiff's motion to amend, grant the defendants' motion to dismiss, and dismiss the case in its entirety with prejudice.

## I. BACKGROUND

The tension between the parties in this case began in 1978 when "raw sewage sludge" began to spill onto Mr. Benckini's property from the Township's neighboring sewage treatment plant. Mr. Benckini alleges in his complaint that each time a spill occurred, the Township refused to clean the raw sewage off of his property. The sewage contaminated the Saucon Creek, which runs adjacent to Mr. Benckini's property, killing trout and turtles and turning the stream black "for over a mile and a half." Mr. Benckini reported the sewage sludge spills to the Pennsylvania Department of Environmental Protection in July 1979. Following Mr. Benckini's complaint to the DEP, the sewage treatment plant was closed down.

Mr. Benckini alleges that these spills also contaminated the well on his property. At the time of these spills, Mr. Benckini lived with his dear friend Edwin Moyer, his elderly mother, and his five children on the property. Mr. Benckini asserts that exposure to the "sewage sludge" by way of airborne dust and contamination of the well over the course of approximately ten years caused health problems for himself and Mr. Moyer. Mr. Moyer suffered from liver cancer and passed away in 1995. Mr. Benckini was diagnosed with leukemia in 1993 and prostate cancer in 2003.

Mr. Benckini believes that the township and police department began conspiring against him almost immediately after he reported the sewage spills to the DEP. He alleges this conspiracy has resulted in the defendants creating an "all-out war" against him and a "hostile environment." Mr. Benckini alleges that as a result of this conspiracy, the Upper Saucon Township police spread malicious lies about him, constantly badgered him, and charged him with "bogus claims." Mr. Benckini additionally avers that Police Chief Coyle and Officer Amy Hawk aided and abetted Charles Grant of Grant's Auto Salvage in the theft of his truck and nursery equipment.

## II. LEGAL STANDARD

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Id. at 1965; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), I may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192,

1196 (3d Cir. 1993).  The court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff.  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007).  The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation."  Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiffs' claim is "plausible on its face," a complaint will survive a motion to dismiss.  Bell Atlantic Corp., 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  "[A] district court should not dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile.  Hill v. Rozum, 447 F.App'x 289, 290 (3d Cir. 2011) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## III. DISCUSSION

### A. Application of *Res Judicata*

*Res Judicata,* or claim preclusion, is designed to avoid piecemeal litigation of claims arising from the same events. GE v. Deutz AG, 270 F.3d 144, 158-59 (3d Cir. 2001). Whether two suits are based on the same cause of action turns on the essential similarity of the underlying events giving rise to the various legal claims. Id. In order to successfully invoke *res judicata,* a party must show that "there has been: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984). "The law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata* in a subsequent action between the parties." Hubicki v. ACF Industries, Inc., 484 F.2d 519, 524 (3d Cir. 1973).

#### 1. Claims Arising from the Sewage Spills

Mr. Benckini's claims arising from the sewage sludge spills are *res judicata.* Here, Mr. Benckini asserts that as a result of exposure to the sewage spills, both his own health and that of Mr. Moyer were adversely affected. However, Mr. Benckini has previously brought a Section 1983 claim against the Township for damages to his property and business as a result of the same sewage spills. Benckini v. Upper Saucon Twp., 2005 U.S. Dist. LEXIS 23765* (E.D. Pa. Oct. 17, 2005). In Benckini v. Upper Saucon Twp., the Honorable Berle M. Schiller granted the defendant's motion for summary judgment and stated:

> Benckini contends that, for a number of years, a sewage plant owned by the Township dumped sewage onto his property, damaging his land and his business. The dumping began in the fall of 1976, and although it is unclear exactly when it ended, the plant closed no later than 1993. Although it is not entirely clear what cause of action Benckini is asserting, the statute of limitations has long since passed on a § 1983 claim.

Id. at *15 (internal citations omitted). Although Mr. Benckini is attempting to recover for slightly different damages in the present suit, this case arises from the same cause of action.

In the previous action, Mr. Benckini brought suit against Upper Saucon Township and the Upper Saucon Police Department. It is well-established that *res judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants. Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972). It is clear that the Upper Saucon Township and the Upper Saucon Police Department have a significant relationship with the Upper Saucon Township Municipal Authority Sewage Treatment Plant and individual officers of the Upper Saucon Township Police Department.

Mr. Benckini's claims arising from the sewage spills in this suit are essentially identical to those he previously brought in 2005. This court has already provided a final judgment on this dispute. Therefore, Mr. Benckini's claims arising from the sewage spills are *res judicata*, and will be dismissed here.

2. Conspiracy Claims

All actions constituting the conspiracy against the plaintiff have previously been precluded by the statute of limitations or *res judicata* or have been dismissed by subsequent motion for summary judgment. In Benckini v. Upper Saucon Twp., Mr. Benckini brought an action alleging, among other things, that "because he reported 'their sewage plant violations and pollution of fresh water streams,' [the] Township… and the other defendants have retaliated against [him] through the decades." Benckini v. Upper Saucon Twp., 2008 U.S. Dist. LEXIS 38723, 4* (E.D. Pa. May 13, 2008). The current defendants Upper Saucon Township, Officer Brian Hawk, Officer Amy Hawk (then Amy Getz), Officer Edward Hartman, and Police Chief Robert Coyle were all parties to the 2008 case. New in the present case are Officers Stephen Kuebler and Roger Miller.

In the previous case, all but three claims were precluded by the statute of limitations or *res judicata*. Id. at *41. The remaining claims were then given a final judgment on the merits when the court granted the defendants' motion for summary judgment. Benckini v. Hawk, 654 F. Supp. 2d 310, 325 (E.D. Pa. Sept. 15, 2009). The claims in the 2008 case arose from a "(26) year history of malice, malicious slander and abuse of illegal and bogus criminal charges and arrests against the plaintiff for blowing the whistle on their illegal malfunctioning and illegality." Benckini v. Upper Saucon Twp. at *4. Here, the allegations against the Upper Saucon defendants arise out of the same "all-out war" and "hostile environment" against the plaintiff. The factual basis for the alleged conspiracy has not changed since 2008. As the Honorable Gene E.K. Pratter previously stated, "Mr. Benckini cannot circumvent this Court's prior Orders in an effort

7

to assert previously dismissed claims by instituting yet another lawsuit against a slightly different group of interrelated defendants." Id. at *18.

### 3. Removal of Plaintiff's Various Nursery Equipment

The only claims remaining in the present action are those that arise from the removal of Mr. Benckini's truck, trailer, and various nursery equipment from neighbor Lloyd Lichtenwalner's property. However, Mr. Benckini has previously litigated this controversy also, thus barring his claims here as *res judicata*. In Benckini v. Grant, Mr. Benckini's third amended complaint averred that Charles Grant, through the operation of his business Grant's Auto Salvage, wrongfully removed vehicles and trees belonging to Mr. Benckini from Lloyd Lichtenwalner's property sometime between 2012 and 2013. Benckini v. Grant, 2015 Pa. Dist. & Cnty. Dec. LEXIS 9112 (Pa. C.P. Nov. 10, 2015). The trial court found that Mr. Benckini's blanket assertions about the vehicles being removed between 2012 and 2013 were wholly unsupported. Id. Instead, Mr. Grant offered an affidavit from Police Chief Coyle to the contrary. Id. In his affidavit, Chief Coyle indicated that Mr. Lichtenwalner reported the subject vehicles as abandoned on May 4, 2007 and the vehicles were removed by Mr. Grant on May 18, 2007. Id. The action was, therefore, barred by the statute of limitations and the defendant's motion for summary judgment was granted. Id. The court's decision was affirmed on appeal. See Benckini v. Grant, 2016 Pa. Super. Unpub. LEXIS 3812 (2016).

It was previously determined and then affirmed that the removal of the truck and equipment at issue here was proper. There is additionally no reason Mr. Benckini could not have brought his "aiding and abetting" claims against Police Chief Coyle and Officer

Amy Hawk in the previous action where he was permitted to amend his complaint three times. Thus, any claims arising from the removal of the various nursery equipment from a neighbor's property are *res judicata.*

### B. Plaintiff's Motion to Amend his Complaint

While *pro se* plaintiffs should be afforded an opportunity to amend their complaint before the complaint is dismissed with prejudice, I believe granting Mr. Benckini leave to amend his complaint would be futile. This court has an obligation to liberally construe a *pro se* complaint and apply the relevant law, "irrespective of whether a *pro se* litigant has mentioned it by name." Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). Although Mr. Benckini does not specifically assert any claims under Section 1983, a very generous reading of his complaint favors this interpretation of his allegations. Here, Mr. Benckini asserts essentially three Section 1983 claims. The first alleges damages to the health of Mr. Benckini and that of his friend Edwin Moyer as a result of exposure to the sewage spilled onto his property from the Township's sewage treatment plant. The second alleges a conspiracy against Mr. Benckini by the Township and the police-officer defendants. The third alleges the wrongful removal of Mr. Benckini's nursery equipment from a neighbor's property. There is no reason to believe that Mr. Benckini would be able to file a meritorious complaint if given leave to amend because all of Mr. Benckini's claims are *res judicata*.

In conclusion, Mr. Benckini shows great determination to recover damages for an array of alleged wrongs against him in the past forty years. However, the doctrine of *res judicata* prevents him from continuously attempting to litigate these same claims. Thus,

permitting the plaintiff to amend the complaint would be a waste of judicial resources and unfair to the defendants.  Accordingly, I will grant the defendants' motion to dismiss in its entirety with prejudice, and find that any amendment to the complaint would be futile.

An appropriate Order follows.